### J. B. MORTON v. AMERICAN NATIONAL INSURANCE COMPANY.

(Filed 27 September, 1922.)

**Insurance—Indemnity—Accident—Health—Contracts.**

Where the insured is indemnified under his policy for disability by injury or sickness for more than thirty days, upon report of his attending physician of his condition every thirty days, he must show that he has complied with the terms of the policy requiring the physician's continued report; and where he has introduced evidence tending only to show that the first or preliminary report had been so made, he may not recover an amount that will extend beyond the thirty days period. *Semble,* the issue submitted was insufficient to sustain a verdict for the full period of disability.

APPEAL by defendant from *Cranmer, J.,* at June Term, 1922, of CARTERET.

Action to recover upon a health and accident insurance policy.

Issues were submitted to the jury, and answered by them as follows:

"1. Did plaintiff, in good faith, substantially comply with the contract of insurance, as alleged in the complaint? Answer: 'Yes.'

"2. What amount, if any, is plaintiff entitled to recover from defendant? Answer: '$303.66, with interest from 15 January, 1917.'"

From a judgment on the verdict in favor of plaintiff, the defendant appealed.

*E. H. Gorham for plaintiff.*
*Julius F. Duncan for defendant.*

PER CURIAM. The contract of insurance, which forms the basis of plaintiff's suit, contains the following provisions: "Indemnity will be paid for injury or sickness only for the time the insured is under the professional care and regular attendance of a legally qualified physician and surgeon. If the insured is disabled by injury or sickness for more than thirty days, he or his representative must furnish the company every thirty days with a report from his attending physician or surgeon, fully stating the condition of the insured. Not more than one indemnity provided in this policy will be paid for loss resulting concurrently from sickness and accident."

Plaintiff was injured 15 February, 1916. A preliminary report, as required by the policy, was mailed to the defendant 25 February, 1916. No other report was made until some time in December, 1916. Plaintiff testified: "I did not make any character of reports after the preliminary report and prior to the December report. I did not undertake to cause my physician, Dr. Royal, to make any report after the preliminary report; he was called on by the company for a report. I don't remember the date between February and December, for what period, those reports were called for." Plaintiff further testified that he had written several letters to the defendant company during this period, but was unable to elicit any reply.

Dr. Royal, the attending physician, testified that he filled out the preliminary report and the December report, "and perhaps more," but he would not say that any other report was made, as he kept no record of such reports.

The defendant tendered judgment for $50, being the amount due under the policy for the first thirty days, and asked the court to instruct the jury, if they believed the evidence, to answer the first issue "No."

It would appear from the instant record that the defendant was entitled to this instruction. It is also doubtful as to whether the answer to the first issue (note wording of issue) was sufficient to establish full liability on the part of the defendant.

New trial.